DANIEL WARFIELD and SAMUEL MACTIER, *vs*. SUSANNA E. WALTER.—*December* 1839.

If a bill of sale of personal property, with a warranty of title, recites a mortgage of the same property previously executed by the grantor, and is made subject to its operation, the grantee in the bill of sale could not sustain an action for a breach of warranty, upon the ground of a paramount title in the mortgagee, and therefore in an action by the grantee in the bill of sale for a trespass upon the property conveyed, the grantor may be called as a witness for the plaintiff, he having no interest in the result of the suit.

In an action of trespass for taking away, and depriving the plaintiff of the use of his property, it is competent for the plaintiff to prove the value of the use, during the period he was deprived of the possession.

If to a plea of property in an action of replevin, the plaintiff replies property in himself, and issue is joined upon the replication ; the *onus* is upon him, and he must support his replication by proof.

The plea of property in a third person, does not involve the question of such person's title, having no other effect than that of casting upon the plaintiff the *onus* of pleading and proving property in himself, and therefore in an action of trespass upon the same property, brought by such third person against the parties who were the plaintiffs in the replevin in which the verdict was for the defendant, the record of the replevin is not conclusive evidence of the plaintiff's right to the property.

Trespass *on the case*, and *not* trespass *vi et armis*, is the proper remedy, when an injury to a person or his property, is occasioned by the regular process of a court of competent jurisdiction, maliciously sued out.

APPEAL from *Baltimore* County Court.

This was an action of *trespass de bonis asportatis*, commenced at January term 1837, by the appellee against the appellants. The declaration was for, that the defendants on the

25th July 1836, took and carried away the goods, &c. to wit, &c. whereby, &c. for a long time, to wit, for the space of, &c. the plaintiff was deprived of the profitable use thereof, and other wrongs then and there did. The defendants pleaded not guilty. The cause was tried in the county court at September term 1838.

FIRST EXCEPTION.—At the trial, the plaintiff to support the issue on her part, gave in evidence to the jury, a bill of sale from one *Hiram C. Walter* to the plaintiff, which had been duly acknowledged and recorded, dated May 16th 1835, in which the grantor therein named, for a valuable consideration, conveyed to the plaintiff a variety of articles of personal property.    This bill of sale, which contained a warranty of title, recited that a mortgage of the same goods had been executed previously by the grantor to the defendants, to whose lien for the money due upon the mortgage, the operation of the bill of sale is expressly made subject.

And then called the said *Hiram*, the grantor in the said bill of sale, as a witness, offering to prove by him, the taking of the property mentioned in the declaration, and the amount of injury sustained by her.    The defendants objected to the said *Hiram*, being sworn as a witness in the cause, because of his liability to warrant, and defend the title of the plaintiff, under the said bill of sale.    The court, (ARCHER, C. J., and PURVIANCE, A. J.,) overruled the objection, and permitted the said *Hiram* to be sworn as a witness.    The defendants excepted.

SECOND EXCEPTION.—After the evidence mentioned in the last bill of exceptions had been given, the plaintiff gave evidence by *Hiram C. Walter*, mentioned therein, of the value of the property in the declaration mentioned; her counsel then proceeded to ask the said *Hiram*, as to the value of the use of the said property, in the interval between the alleged trespass, and commencement of the action, to which question the defendants by their counsel objected, on the ground, that the whole compensation to which the plaintiff was entitled for the property, was its value, and not the value of its use also, unless it could be shewn, that it was of some special or pecu-

liar value in use to her, or that she sustained some special damage for the want of it. This objection the court overruled, and permitted the question to be asked. The defendants excepted.

THIRD EXCEPTION.—After the evidence in the two preceding bills of exceptions had been given, the plaintiff proceeded to give in evidence, the value of the use of the property in the declaration mentioned, during the interval between the alleged trespass, and the commencement of this action. She then, in order to prove the trespass, gave in evidence the following record of the proceedings in an action of replevin, brought by the defendants against *John Walter,* which shewed that an action of replevin was commenced on the 25th day of July 1836, by the said *Daniel Warfield* and *Samuel Mactier,* for one mill wagon and its appurtenances, two grey and two sorrel horses, and a grey stallion, declared for as their property and detained by *John Walter.* The property was replevied and delivered to the plaintiffs in that action on the 25th July 1836. The defendant *John Walter,* pleaded *non cepit;* and property in *Susanna E. Walter.* The plaintiff joined issue on the first plea, and replied property in themselves to the second plea, on which issue was joined. The jury found a verdict, that the goods, &c., were not taken by the defendant, and property on the said *Susanna E. Walter* and not in the plaintiffs. On this judgment was rendered on the 15th June 1838, against the plaintiffs, and that *John Walter* have a return of the goods and chattels, &c.

The plaintiff then called *John Walter,* and proved by him, that the property taken under the said replevin, was the same in the declaration mentioned; that it was in his possession, as the agent of the plaintiff, when it was replevied; that the now plaintiff was notified of the proceeding, and that the action was defended under her direction and at her expense, and there the plaintiff closed her proof.

The defendants then to support the issue on their part, offered to read in evidence to the jury, the mortgage referred to in the first exception, dated the 14th of July 1834, execu-

ted by the mortgagor *Hiram C. Waters,* to secure to the defendants, the payment of the sum of $570, within eighteen months of its date.

To this the plaintiff objected, because the record of the replevin case above stated, was conclusive evidence in this case, as to the title to the *property,* and offered to give the said record, and the testimony of *John Walter,* above set out in evidence to the jury as conclusive of the question of property, to which the defendants counsel objected, because the said now plaintiff was not a party to the record in the action of the replevin, and because the issues in the two cases were different, but the court (Archer, C. J., and Purviance, A. J.,) decided, that the now plaintiff was substantially a party to the record in the action of replevin, and that the issues were substantially the same, and refused to permit the defendants to read to the jury, the said mortgage, and permitted the plaintiff to give his said evidence to the jury, as conclusive upon the question of property, if the jury believe the facts aforesaid. The defendants excepted.

Fourth Exception.—All the evidence mentioned in the three preceding bills of exceptions having been given, the defendants moved the court to direct the jury, that the plaintiff was not entitled to recover.

1st. Because the record in the action of replevin shews, that the now plaintiff obtained in that action, the property which is the subject of this action, or its equivalent.

2nd. Because an action of trespass will not lie, for taking goods under a replevin regularly issued, provided, the goods are those designed to be replevied, and they are taken from the custody of the party against whom the writ is directed, unless they are shewn to be the property of some other person, and because by the evidence in this case, and the decision of this court thereon, *Susanna Walter* and *John Walter* are identified.

This motion the court overruled, and the defendants excepted.

The verdict and judgment being in favor of the plaintiff below, the defendants brought this appeal.

The cause was argued before BUCHANAN, C. J., STEPHEN, DORSEY, CHAMBERS, and SPENCE, J.

By R. JOHNSON for the appellants, and
By NELSON and DAVID STEWART for the appellees.

STEPHEN, J., delivered the opinion of the court.

We think the court below were right in the opinions given by them in the *first* and *second* exceptions; but that they erred in those expressed in the *third* and *fourth*.

In the *first* exception, *Hiram C. Walter* was offered as a witness by the plaintiff, to prove the taking of the property mentioned in the declaration, and the amount of injury sustained by her; but the defendants objected to his being sworn as a witness in the cause, because of his liability to warrant and defend the title of the plaintiff under the said bill of sale. This objection was overruled by the court, and the witness was permitted to be sworn.  In this opinion we can perceive no error.  The bill of sale to the plaintiff, recognizes the mortgage made by the witness to the defendants, and was to be taken subject to it.  The plaintiff therefore could not sustain an action for a breach of warranty, upon the ground of a paramount title in the defendants; because the recital of the mortgage in the bill of sale, and the acceptance of the title by the plaintiff, subject to its operation, necessarily excepted the title of the defendants under the mortgage, from the effect and operation of such warranty.  The witness therefore had no interest in the result of the suit, and the court rightfully decided that he was competent to testify in the action.

The court we think were also right in the opinion given by them in the *second* exception.  The fact which the witness was called to prove, was the very gravamen or, ground of the plaintiff's action, and the objection made by the defendant's counsel to the propounding of the question, would, we think, have been waived, if the cause of action, as stated in the declaration, had been carefully adverted to.  The pleadings show that the suit was not brought to recover the entire value of the property, but damages for the temporary loss of the use of it.

The testimony which the plaintiff offered to give by the witness, was therefore properly received by the court, as it went to prove the value of the use of the property, during the interval of time which had elapsed between the taking of it by the defendants, and the commencement of the action; the loss of which use by the plaintiff, being the injury of which she complained, and to recover damages for which her action had been instituted.

We think the court below erred in the opinion delivered by them in the *third* exception, as to the binding and conclusive effect of the judgment in the replevin suit, in support of the plaintiff's title in this action to the goods embraced in that suit. In support of this position, see *Cullum vs. Bevan*, 6 *Harr. & John.* 469, where the court say—"no principle in the law seems more universal or better established, than that the *onus probandi* rests on the party who maintains the affirmative side of the issue. On what then is the issue joined in this case? It is not on the defendants' plea of property, but upon the replication filed by the plaintiff, asserting the right of property to be in himself, and tendering an issue on that point. He must therefore support his allegation by proof. It was therefore the plaintiff's title to the property in dispute which was put in issue by the pleadings; and upon which the jury had to decide by their verdict, and not the title of *Susanna E. Walter*, the pleading of property in whom by the defendant, only having had the effect of casting upon the plaintiff the *onus* of pleading and proving the property in himself, and not involving within the issue any trial of a title to the property in her, which could give to the verdict of the jury in that action a conclusive effect in establishing such title.

We think also that the court erred in refusing to permit the defendants to read to the jury the mortgage from *Hiram C. Walter* to them, which was prior in point of time to the bill of sale to the plaintiff, and which bill of sale was taken by the plaintiff subject to its operation.

We do not concur with the court below, in the opinion given by them, in the *fourth* and last exception. In suing in

trespass, we think that the plaintiff below clearly misconceived her remedy; and that to redress the injury of which she complained, *trespass on the case*, and not *trespass vi et armis*, was the proper action. The goods were taken under legal process, specifically describing them, out of the possession of the defendant, against whom the process issued; and in such case the law is clear, that case, and not trespass, is the proper remedy. 2 *Saun. Plea. & Evid.* 651, declares—"whenever an injury to a person, or his property, is occasioned by regular process of a court of competent jurisdictiction, maliciously adopted, the remedy is by an action on the case, and trespass does not lie." In support of this principle *Saunders* refers to 3 *Term Rep.* 185, where *Lord Kenyon* says—"If a party be arrested without any cause of action, he has his remedy by an action on the case for maliciously holding him to bail. But it is incomprehensible to say, that a person shall be considered as a trespasser, who acts under the process of the court." The same doctrine may be found in 2 *Saun. P. & E.* 515, where he says, "trespass is the only remedy for an illegal imprisonment when not done under color of legal process." "If the imprisonment took place under color of a legal proceeding, the plaintiff's only remedy is by an action on the case for the malice, if indeed there was malice."

The action being misconceived, the only question remaining to be considered is the right of the defendant to make the objection under the pleadings in this case, and that he had such right is, we think, clear, both upon principle and authority. *Gould* in his treatise on the principles of pleading in civil actions, 289, says—"That the action is misconceived is pleadable in abatement. As if *assumpsit* is brought where account is the only proper remedy; or trespass where case is the proper action. But a plea in abatement for this cause is unnecessary and unusual; for if the mistake appears upon the face of the declaration, it is fatal on demurrer; and if not, advantage may be taken of it under the *general issue.*" Upon the whole, we are of opinion that there is error in the judgment in the court below, and that the same must be reversed.                    JUDGMENT REVERSED.