FRIDGE *vs.* THE STATE, use of KIRK.—*December*, 1830.

In an action upon a bond entered into by a guardian appointed by the Orphans Court, brought for the use of the ward, the mere fact that at the time of the guardian's appointment, a natural guardian was in existence, does not invalidate the appointment and so render the bond a nullity. That court having jurisdiction to appoint a guardian in certain cases, even where there is a natural guardian, must be presumed to have acted rightly,

when the question of the validity of the appointment arises incidentally, and nothing more than the existence of natural guardian appears.

The judgment of a court of competent jurisdiction, is, as to all matters decided by it, conclusive; and cannot be afterwards questioned by any other tribunal, when coming in incidentally.

So the appointment by the Orphans Court, of a person as guardian, who at the time was one of the judges of the court, cannot be afterwards questioned in an action upon his bond, though at the moment of the appointment, the court could not have acted without the concurrence of the individual appointed.

Where the condition of a bond recited that A was guardian, &c., neither the principal obligor nor surety therein, in an action upon such bond, can deny that he was guardian in the face of the recital, nor set up as a defence any supposed irregularity in obtaining the appointment.

An offer to pay only a part of a sum due, cannot avail a party as a tender. A creditor is under no obligation to accept less than the full amount due him.

A female, under the age of 21, cannot execute a release to her guardian, though she has capacity to receive payments from him at the age of 16—A release, which affords more protection to a guardian than a mere receipt, is in its nature and tendency to the prejudice of the infant, and opposed to sound policy.

Some contracts made by infants are binding, such as contracts for necessaries. Some are void ; and others are voidable only, such as contracts that may be for the benefit of the infant. A contract that a court can see and pronounce to be to the prejudice of the infant, is void.

The promissory note of a guardian given to an *infant* female ward over the age of 16 years, is no payment.

It is the duty of a guardian to a female ward, on her arrival at the age of 16 years, to exhibit a final account to the Orphans Court, and to deliver to the ward all her property in his hands. So far as the property of a ward in the guardian's hands consists of money, this constitutes a contract to pay money when she attained the age of 16, which is a day sufficiently certain in case of failure to pay, to entitle the ward to interest absolutely.

In an action in the name of the *State*, the obligee in a guardian's bond, the non-age of the *cestui que use*, the ward, who was more than 16, is no defence, and does not form the fit subject of a plea.

### *Cross Appeals* from *Baltimore* County Court.

This was an action of *Debt* commenced on the 31st of January, 1825, in the name of the *State of Maryland,* at the instance, and for the use of *Eliza Ann Kirk,* against *Alexander Fridge,* on a bond executed by one *Owen Dorsey* as the principal, and the said *Fridge* and another as sureties, dated the 11th of April, 1817, conditional for the

faithful discharge of the trust of said *Dorsey*, as guardian to the said *Eliza Ann Kirk* and *Ann C. Kirk*. All errors in pleading on both sides were released; and it was agreed that either party might raise any objection, which could be raised by any form of pleading, or on motion.

1. At the trial, the plaintiff read in evidence the guardian's bond, and an account settled by the guardian with the Orphans Court of *Baltimore* county, on the 6th June, 1820, shewing a balance due *E. A. Kirk* of $1018 77. And proved that *Eliza Ann Kirk*, at the time of the trial of this cause, was under the age of twenty-one years.

Thereupon the defendant, by his counsel, read in evidence, the following record : "The *State of Maryland*. At an Orphans Court held for *Baltimore* county, at the Court-house, in the city of *Baltimore*, on the 11th April, in the year 1817, present, *Owen Dorsey, James Carroll, Jr. Esquires*. Among other proceedings were the following, viz:—*Ann Catherine Kirk* and *Eliza Kirk*, orphan children of *Thomas Kirk*, deceased, come into court, and the court appoints *Owen Dorsey* their guardian, who here present in court accepts the guardianship, and offers *Alexander Fridge* and *John Mitchell*, as his securities, who are approved of by the court, and bond ordered to be executed accordingly. Bd. fd."—and also read the following account, which was duly proved. *Baltimore* county, sc.— The account of *Owen Dorsey*, guardian of *Eliza Ann Kirk*, orphan daughter of *Thomas Kirk*, late of said county, deceased.

| | | | | | |
|---|---|---|---|---|---|
| 1820. | June 6. This accountant charges himself with the balance due on his last account rendered this date, amounting to, | - | - | - | $1,018 77 |
| 1824. | July 7. And with interest on $922 25, from the 21st March, 1820, to this date, | - | - | - | 237 57 |
| | | | | | $1,256 34 |

And he craves an allowance for the follow-
ing payments and disbursements:

| | |
|---|---|
| Cash paid at sundry times, &c. - - - | $234 76 |
| Cash paid his ward in full, as per release appears, - - - - - | 1,021 58 |
| Estate accounted for, - - - - | $1,256 34 |

And also read a full and formal release from *Eliza Ann
Kirk* to *Owen Dorsey*, as her guardian, acknowledged and
recorded according to law.   And proved, that at the time of
the appointment of said *Owen Dorsey*, the mother of said
*Eliza Ann Kirk*, was living, and that no process appeared
to have issued to bring her before the court, to renounce
her right of guardianship.

Whereupon the plaintiff proved by one *Fielder Israel,*
that a few weeks after *E. A. K.* arrived at the age of six-
teen years, (as he understood from her mother,) she and
her mother called upon said *Owen Dorsey* for a settle-
ment; that said *D.* fixed a day to make such settlement,
and on that day, the daughter and mother called; that
*D.* then told them he had been disappointed in getting
all the money, but that he had procured four or five hun-
dred dollars, which she, *Miss K.*, could take, and let
the affair remain until he got the balance; that *D.* then
counted out the money, and laid it on the desk which
lay between said *E.* and him, and which money, she
could have taken up at any moment. The mother and daugh-
ter both declined taking the money ; the mother telling *Mr.
D.* that her daughter did not want, nor had any use for the
money, and that they preferred it all should remain in his
hands (except fifty or sixty dollars for which the daughter
then had immediate occasion,) and receive interest for it,
inasmuch, as if the money was taken from *Mr. D.* it would
be deposited in bank, and the daughter would not receive
the benefit of interest.   *Mr. D.* then said, he would keep

the money, and pay interest therefor, and gave the daughter his note for the amount. He then took fifty or sixty dollars out of the money so counted down, which fifty or sixty dollars he paid to said *E.*, the rest of the four or five hundred dollars he put into his pocket, and gave to said *E.*, his promissory note for $961 38, dated *Baltimore, July 15th,* 1824, payable on demand, with legal interest, on which, were endorsed a number of small payments, in all $131 38; that *Dorsey,* before he gave such note, told *E.* and her mother, that *E.* must give him, *D.*, a release, to enable him to settle his account in the Orphans Court, which she consented to do; that *D.* directed witness to draw such release, who did so, but before he suffered *E.* to execute the same, he explained to her fully and minutely the nature and character thereof; and told her and her mother that the effect of it would be to discharge *Mr. D.* and his securities, on his guardian's bond and to retain only *Mr. D's* liability on the note; and after such explanation the said *E.* executed such release. The witness also proved, that after such note was given by *D.* to *E.* and such release executed, the said *E.* called and got several sums of money of *D.*, all of which were credited on said note.

Whereupon the defendant, by his counsel, prayed the opinion of the court, and their direction to the jury, as follows: 1. If the jury believe, that *Eliza Ann Kirk* had attained the age of sixteen years on the 15th day of July, 1824, and executed the release which has been given in evidence, with a full understanding of its effect and import, that then, this action cannot be maintained. 2d. That if the jury believe, that at the date of the appointment of *Owen Dorsey* as guardian, the said *Eliza Ann Kirk* had a natural guardian, that then the said court exceeded its jurisdiction in making the said appointment, and that the bond being void, this action cannot be maintained. 3d. That if the jury believe *Eliza Ann Kirk* is under the age of twenty-one years at this time, this action cannot be maintained. 4th. That if the jury believe *Owen Dorsey,*

the person appointed guardian, was the same *Owen Dorsey* who acted as one of the judges of the Orphans Court named in the certificate of appointment of guardian, which has been given in evidence, that then, this action cannot be maintained. 5th. That if the jury believe that *Owen Dorsey*, after the 15th day of July, 1824, when *Eliza Ann Kirk* attained the age of sixteen years, offered to pay, and counted out to the said *Eliza Ann Kirk*, the sum of four or five hundred dollars, which she declined to receive, and afterwards took the note of *Owen Dorsey* in preference, as given in evidence, that such tendering and counting out the money, was an extinguishment of the claim which she, the said *Eliza Ann Kirk*, might have had, to the extent of such sum as the jury may believe was so tendered. But the court [ARCHER, Ch. J. and HANSON, A. J.] refused all and each of said prayers of defendant ; and were of opinion that the plaintiff was entitled to recover, if the jury believe the testimony. The defendant excepted.

2. The plaintiff then prayed the court's direction to the jury, that upon the evidence in the first exception, the plaintiff is entitled to recover interest upon the balance decided to be due *Eliza Ann Kirk*, from the period the said balanc became due, or at least from the commencement of this action. But the court being divided in opinion, refused to grant said direction, or to direct the jury that the plaintiff was entitled to recover any interest, but left the question of interest to the jury, to be by them decided. The plaintiff excepted. There was a verdict, and judgment for the plaintiff, and an appeal by both parties to the Court of Appeals.

The cause was argued before BUCHANAN, Ch. J., EARLE, and MARTIN, J.

*R. B. Magruder* for appellant, contended,

1. That the ward being of full age to receive her personal property, was of full age to do any act required or au-

thorised by law, to evidence, and acknowledge the receipt of her estate; and that the release executed by her, is a valid release. 1 *Thos. Co. Lit.* (*H*) 175. 170, *note* (28.) 163, *note* (*a.*) 1 *Blk. Com.* 463. *Act of* 1798, *ch.* 101, *sub-chap.* 3, *sec.* 3. *Act of* 1715, *ch.* 39, *sec.* 13. *Act* 1798, *ch.* 101, *sub-ch.* 12, *sec.* 1, 15. 1809, *ch.* 168, *sec.* 1, 15. 1829, *ch.* 216, *sec.* 6, 7. 1 *Thos. Co. Lit.* 177. *Davis vs. Jacquin,* 5 *Harr. and Johns.* 109. *Bowers vs. the State,* 7 *Ib.* 35,36. 2. The Orphans Court had no power to appoint a guardian, and exceeded its jurisdiction in so doing, because the ward had a natural guardian, who should have been called on to bond, and this should have appeared on the proceedings. 1798, *ch.* 101, *sub-ch.* 12, *sects.* 1, 2, 3, 20. To shew that the objection could be made in this court, he cited *Bigely vs. Stearns,* 19 *Johns. Rep.* 39. *Spedden vs. State,* 3 *Harr. and Johns.* 251, 252 and 276 (*note.*) 3. That the ward being under the age of 21 years, at the trial of the cause below, and of course when the suit was brought, could not maintain the action. *Lowe and Gist,* (*note*) 5 *Harr. and Johns.* 106. 1 *Thos. Co. L.* 175, (*H*) 172, (*a.*) 4. That the appointment of *Owen Dorsey* as guardian, by two only of the judges of the Orphans Court, one of which judges was the said *Dorsey,* was invalid, and therefore the bond of the guardian was void. 1798, *ch.* 101, *sub-ch.* 15, *sec.* 8. 5. The payment or tender, of part of the money claimed by the plaintiff below, made by the guardian in the manner set forth in the evidence, was an extinguishment of the claim of the plaintiff, *pro tanto.* 2 *Kent. Com.*—2 *Eden's Cases,* 72. Upon the question of interest on the plaintiff's appeal, he referred to *Newson vs. Douglass,* 7 *Harr. and Johns.* 453.

*Johnson* for appellee, on the *first* point cited *Lowe vs. Gist.* 5 *Harr. and Johns.* 106, *note,* (*a.*) *Davis vs. Jacquin and Pomairat, Ib.* 100. *Bowers vs. State,* 7 *Ib.* 32. On the *second* and *fourth* point he referred to the *Acts of* 1798, *ch.* 101, *sub-ch.* 12, *sec.* 1, 3. 1816, *ch.* 203, *sec.* 3. He argued that by these acts, the Orphans Court, is empow-

ered to inquire into the facts, upon which, the authority of appointing guardians is to be exercised. In this collateral way, the propriety of this exercise of power cannot be inquired into. *Raborg vs. Hammond,* 2 *Harr. and Gill,* 50. 3 *Bac. Abr.* 50, *Title Exors. and Admins.* But if this court, could in this way examine the question, the appointment would not be held void, unless it appeared *affirmatively* that the natural guardian had refused to renounce. *Barney vs. Patterson,* 6 *Harr. and Johns.* 182. *Taylor and McNeal vs. Phelps,* 1 *Harr. and Gill,* 492.

The only evidence of the appointment, which it was incumbent on the plaintiff to produce, was the bond, which could have been relied on as an estoppel, if the defendant had denied the appointment. *Dorsey* could not be allowed to say, that his appointment was invalid, because made by himself, nor can his securities make such a defence. In an action on a bond at law, a surety can make no defence, not open to his principal.

The *third* objection he insisted could not be maintained, as the *State* was the legal plaintiff; but at all events the objection should have been presented by a plea in abatement, which is the only mode, in which the infancy of a plaintiff can be taken advantage of. 2 *Saund.* 212, *and note,* 5. *James, et al. Lessee vs. Boyd,* 1 *Harr. and Gill,* 1. He argued that the release was void, and not voidable only, it being manifestly to the minor's prejudice. 2 *Kent. Com.* 190, 192. The note given by *Dorsey,* if good, merely secures to the ward his individual responsibility, and discharges his securities. *Bowers vs. State,* 7 *Harr. and Johns.* 36. *Kean vs. Boycott,* 2 *Hen. Black,* 511. If, however, the release was only *voidable,* it was competent to the minor to avoid it by suit, and she has done so. 2 *Kent. Com.* 194. But the circumstance of the contract being between guardian and ward, of itself renders it void. 5. The evidence in support of this prayer does not show a payment, there having been no receipt by the creditor. Nor was it a tender, not being of the whole sum. 2 *Saund. Plea. and*

*Ev.* 840. But if a tender, it does not go to bar the action, 3 *Taunt.* 95. *Harding vs. Spicer,* 1 *Camb.* 327. 2 *Saund. Plea. and Ev.* 836. *Karthaus vs. Owings,* 6 *Harr. and Johns.* 139. Upon the plaintiff's exception, he referred to *Newson's Adr. vs. Douglass,* 7 *Harr. and Johns.* 418.

BUCHANAN, Ch. J., delivered the opinion of the court.

The suit is by the *State* on a guardian's bond, for the use of a female ward, instituted after she attained the age of sixteen, but before she arrived at twenty-one, against one of the sureties in the bond. It is insisted on the part of the defendant below, *First,* That if *Eliza Ann Kirk,* for whose use the action was brought, had a natural guardian at the time of the appointment by the Orphans Court of *Baltimore* county, of *Owen Dorsey,* the principal in the bond as her guardian, the court exceeded its jurisdiction in making the appointment, that the bond is void, and the action cannot be maintained. *Secondly,* That if *Owen Dorsey,* the person appointed guardian, was at the time of making the appointment, sitting as a judge of the court, with only one other judge, the appointment was invalid, and the bond void. *Thirdly,* That supposing *Owen Dorsey* to have been regularly appointed guardian, if after *Eliza Ann Kirk* attained the age of sixteen years, he offered to pay, and counted out to her the sum of four or five hundred dollars, which she refused to receive, and afterwards took the note of *Dorsey* in preference, such offering and counting out the money, was an extinguishment of her claim, to the extent of the sum so offered and counted out. *Fourthly,* That if after *Eliza Ann Kirk* attained the age of sixteen years, she executed to *Dorsey* a release of all claims and demands, with a full understanding of its import and effect, the action cannot be maintained. *Fifthly,* That if she was under the age of twenty-one years at the time of instituting the action, it cannot be maintained; and evidence of the facts upon which these questions are raised, was offered to the *jury,* and is set out in the record.

First then, suppose *Eliza Ann Kirk* had a natural guardian at the time of the appointment of *Owen Dorsey* as her guardian, were that appointment and the bond given in pursuance of it void, for want of jurisdiction in the Orphans Court?

By the *Act of* 1798, *ch.* 101, *sub-ch.* 12, *sec.* 1, the several Orphans Courts, had the power to appoint a guardian to an infant until the age of twenty-one years if a male, and until the age of sixteen years if a female, if such infant has no natural guardian, nor guardian appointed by last will. And by the *3d sect.* of the same *sub-ch.* 12, on the application of any friend of an infant, &c. to call on any natural guardian, or guardian appointed by last will, to give bond for the performance of his or her trust; and on failure or neglect of such guardian, to appoint another guardian. The distinction between an erroneous judgment by a tribunal having jurisdiction of the subject matter, and the judgment of a tribunal having no cognizance of the subject, is well known and acknowledged. If the mother of the infant in this case, who is claimed to have been her natural guardian, had asserted her rights as such, and taken upon herself the management and conduct of the infant's estate in the Orphans Court; or being called upon, had given bond for the performance of her trust, the Orphans Court, with a knowledge of the existence of such a guardian acting in pursuance of her trust, could not properly during the continuance of her authority, have appointed another guardian, and thereby have divested her of her rights. And as the rights, and authority, and power over the property and person of the infant, would be incompatible in two, such an appointment would have been void. If the natural guardian had assumed and entered upon her trust, and as such, taken upon herself the management of the estate of her ward in the Orphans Court, the appointment of *Owen Dorsey*, would have been an act not within the jurisdiction of that court, no more than would be the appointment of a second guardian, while the prior appoint

ment of another by the same court, was remaining in full force and unrevoked. Unless the natural guardian had failed or neglected to give bond for the performance of her trust, on being called upon to do so, in pursuance of the *3d section* of the *12th sub-chap.* of the *Act of* 1798, *ch.* 101, or had been removed for cause, under the provisions of the 12th *section* of the *sub-chap.* 15, it would not have been the case of an erroneous judgment by a court of competent jurisdiction, but the act of a tribunal having no cognizance of the subject, and therefore unauthorised and void, the Orphans Court having no power to create a guardian of its own appointment, in the case of an infant having a known, authorised, and qualified acting natural guardian. But though in relation to such a case, of a known, natural guardian asserting and exercising his rights, the Orphans Court is without jurisdiction; yet the appointment of a guardian, being a subject ordinarily cognizable in that court, and only excluded from its jurisdiction, by the circumstance of there being a natural guardian, or a guardian appointed by will, it does not follow, that the mere existence of a person ordinarily entitled to assume the office and trust of a natural guardian, is alone sufficient to divest it of its jurisdiction. That person, though known to the Orphans Court, may nevertheless reject or abandon the trust; in which event, a case in which a guardian may be appointed, a case within the jurisdiction of the court, is presented. That, may have been the case here; the mother of the infant, who might have assumed the office of natural guardian, may have rejected or abandoned the trust; or on being required to give bond for the performance of her trust, may have failed, or neglected to do it; and if so, in either case, the Orphans Court have the power to appoint another guardian. It does not indeed appear in this record, whether there was or not, such an abandonment of the trust, or failure or neglect by the natural guardian to give bond for the performance of it; but the Orphans Court having appointed another guardian, and there being nothing to show the absence of authority to

do so, it is to be taken, that it acted within the sphere of its ordinary jurisdiction, and that what was done, was rightly done. And it not appearing to this court, to be the act of a tribunal, having no cognizance of the subject matter, it cannot be impeached here, coming thus incidentally in question.

And *secondly,* with respect to the appointment of *Owen Dorsey* as the guardian, he being present and sitting as one of the judges of the court, supposing it be so, yet being the act of a court of competent jurisdiction, whether that act was correct and regular, or not, still it was the judgment, the act of that court, the correctness or regularity of which, it is not for this court collaterally to inquire into. The question of jurisdiction, is a question that may be examined into, and the acts of a tribunal having no jurisdiction may be reviewed by another court; but the judgment of a court of competent jurisdiction is, as to all matters decided by it, conclusive, and cannot be afterwards questioned by any other tribunal, when coming in incidentally. This is a doctrine too well established to admit of being enlarged upon. Besides *Owen Dorsey* having given his bond, in which he is stated to be the guardian of *E. A. K.*, and having obtained possession of her property, it would not in a suit against him, have lain in his mouth to deny that he was guardian, in the very face of the recital in his bond, or to set up any supposed irregularity in obtaining the appointment; the recital in the bond being evidence as against him, that he was guardian. Nor does it lie in the mouth of his surety, against whom, the recital is equally evidence.

*Thirdly,* the offer by *Owen Dorsey* to pay to *E. A. K.* four or five hundred dollars, and counting out the money, cannot avail the party here as a tender, being an offer of only a part of the amount due, and a creditor not being under any obligation to accept less than the full amount; nor is it insisted upon as a tender. And if it was a tender, it could not, as such, operate as an extinguishment of the claim *pro tanto.* But it is contended, that it amounted to

and must be considered as a payment, to the extent of the sum so offered and counted out. But surely her express refusal to receive the part offered, and his agreeing to keep and pay interest upon the whole amount, could not constitute a payment, to the amount of the sum offered, and consequently was no extinguishment of any part of the claim.

*Fourthly,* by the *Act of* 1798, *ch.* 101. *sub-chap.* 12, *sec.* 1 *and* 15, power is given to the Orphans Court to appoint a guardian to an infant female, until she attains the age of sixteen or is married, when the guardianship ceases; and the ward or her husband, as the case may be, is entitled to receive from her guardian all her property. It has been decided by this court in *Davis vs. Jacquin & Pomarait,* 5 *Harr. and Johns.* 100, that although that act confers on an infant female a new capacity, the capacity to receive from her guardian the whole of her estate, it does not take away or destroy her state of legal minority, nor remove her other disabilities; but leaves them as they were before, except in relation to the disposition of her real estate, which she is empowered to do by will at the age of eighteen years. And the same principle is recognized in *Bowers' Adm'r vs. State use of Dryden,* 7 *Harr. and Johns.* 32. The legal infancy, therefore, of a female, not ceasing at the age of sixteen, *Eliza Ann Kirk,* not having attained the age twenty-one years, at the date of the release set up in this case, was, in reference to her capacity to execute such an instrument, in contemplation of law, a minor.

Some contracts made by infants are binding, such as contracts for necessaries. Some are void, and others voidable only, such as contracts that may be for the benefit of the infant. But a contract that a court can see and pronounce to be to the prejudice of the infant, is void. And such, we think, is clearly the character of the instrument in question. It was executed on the ward's receiving from her guardian his promissory note, for the amount belonging to her in his hands; and being a release in the language of it, " of and from all and every action, suit, claim or demand, &c." if

good, it discharged him and his sureties from all responsibility on his guardian's bond, a higher and a better security than his promissory note alone, and was therefore to the prejudice of the infant. But independent of the peculiar circumstances of this case, we think a female infant between the ages of sixteen and twenty-one, incapable of executing a valid release to her guardian; considering from the character of the relation subsisting between the parties, the state of ignorance in which an infant usually is in relation to the condition of her affairs, and the conduct of the guardian in the execution of his trust, and the inducements to a guardian who has abused his trust, to seek that shelter behind a release improperly obtained, which a mere receipt would not afford him, that such instruments are in their nature and tendency to the prejudice of infants, and opposed to sound policy.

*Fifthly*, it does not appear to us to be at all material, whether *Eliza Ann Kirk* was of the age of twenty-one or not, at the time of instituting the suit. She is not the legal plaintiff; the bond is to the *State*, the suit was brought in the name of the *State*, the legal plaintiff, and she is only the *cestui que use;* and it was not necessary for the purposes of the suit, to enter the use at all; though it is usually done in such cases, it might have been carried on as well without it, as with it. And being done, her non-age could not form the fit subject of a plea, the action not being brought in her name. We cannot distinguish this from the case of the *State vs. Dorsey* and others, *ante* 75. The same principle pervades both cases. We concur therefore with the court below on the first exception.

The question arising upon the exception taken on the part of the plaintiff below is, whether the plaintiff is entitled to interest on the balance found to be due to *Eliza Ann Kirk*, the *cestui que use*, and from what period? Which question the court below refused to decide, but left it to the jury to determine. The dealings between man and man are in their nature so various, that scarcely two cases occur

presenting the same aspect. The question of interest there-fore, has been found to be one, not susceptible of the appli-cation to it, of any fixed and general rule, each case mainly depending upon its own peculiar circumstances.

This same question of interest, however, arose and was discussed in *Newson's Adm'r vs. Douglass*, 7 *Harr. and Johns.* 417, in which it was decided by this court, that the question was properly submitted to the jury by the court below, to be determined by them according to the equity and justice appearing between the parties, on a con-sideration of all the circumstances of that particular case, as disclosed at the trial. But it is there said, " there are in-deed cases, not to speak of bonds, &c., in which interest is recoverable as of right—such as on a contract in writing to pay money on a day certain; as in the case of a bill of ex-change or a promissory note; or on a contract for the pay-ment of interest, or where the money claimed has actually been used," which in any aspect of this case would seem to be applicable to it. The guardian gave his bond for the performance of his duty as such, and by law it was his duty, on the arrival of the ward at the age of sixteen, to exhibit a final account to the Orphans Court, and to deliver to the ward all her property in his hands. Here was a contract, (so far as the property of the ward in his hands consisted of money,) to pay money when she attained the age of sixteen, which was a day sufficiently certain. The proof is, that when the ward had arrived at the age of six-teen, she called on the guardian for a settlement on a day appointed by him for that purpose; when he told her, that, " he had been disappointed in getting all the money, but had procured a part, which he offered to her; " that she declined taking it, preferring its remaining in his hands on interest, and that he agreed to keep the money on inte-rest, and after paying her fifty or sixty dollars, gave her his promissory note for the balance due to her in his hands with interest. Here then is a case, in which the money was actual-ly used; for he had so applied or disposed of it, that when

called on for a settlement, he could only procure a part of it; it was not, therefore, lying by him unused.     There was too, an express contract for the payment of interest, independent of the promissory note, which has a provision for the payment of interest, and is evidence of his keeping the money on those terms.     The plaintiff is therefore, entitled to recover interest from that time, on the amount of the balance retained by the guardian in his hands.     And the court below erred we think, in not having so directed the jury, and in leaving the question to be decided by them.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.