JOHN LLOYD, ADM'R OF THOMAS JANNEY, SURVIVOR OF J. D. BROWN, *vs.* TERESA BURGESS, ADM'X OF THOMAS BURGESS.—*December* 1846.

Upon a bond, reciting, "whereas the above bound *S* and *P* have obtained an injunction to stay proceedings at law, and judgment rendered against them in," &c., with condition to "prosecute the said writ of injunction with effect, and satisfy and pay, as well the judgment as all costs," &c., that shall accrue in the chancery court, or be occasioned by delay of the execution, &c., unless the court of chancery shall decree to the contrary, and shall, in all things, obey such order and decree as the court of chancery shall make in the premises, the obligors cannot plead in bar, that the parties did not obtain any injunction from the court of chancery.

A party administrator cannot deny in pleading, a fact, which his intestate has expressly admitted, under his hand and seal, in his bond.

A party is estopped from denying a fact recited in his deed.

The rejoinder of general performance to a replication, assigning breaches of a condition, is defective on general demurrer.

Courts of law, upon general demurrer, will give judgment against the party who commits the first error in pleading.

A plea in bar, to an action on an injunction bond, which set up as a defence to a breach of the condition, that after the writ of injunction obtained against two defendants, both prosecuted with effect their bill, until the

death of one; that the survivor also prosecuted with effect, until his death; that no administration had been obtained upon the estate of either, and that afterwards it was so proceeded in, that the said injunction was dissolved by the final order of the court of chancery, is no defence. The courts of law must consider the order of the court of chancery as regularly and legally passed, and will not assume, that the chancery cause abated by the death of the complainants, contrary to the allegation of the plea.

APPEAL from *Charles* county court.

This was an action of *debt,* commenced by the appellants on the 28th July 1840, upon the bond of *Thomas Joseph Speake, Edward Pye, Thomas Burgess,* and *William S. Jones,* to *Thomas Janney* and *John D. Brown,* dated 18th August 1819, with condition as follows:

"Whereas the above bound *Thomas Joseph Speake* and *Edward Pye* have obtained an injunction to stay proceedings at law, and judgment rendered against them in *Charles* county court, by the above named *Thomas Janney* and *John D. Brown,* for the sum of $2911.95, and costs. Now the condition of the above obligation is such, that if the said *Thomas Joseph Speake* and *Edward Pye* shall prosecute the said writ of injunction with effect, and satisfy and pay as well the said sum of money and costs, as all costs, damages and charges that shall accrue in the chancery court, or be occasioned by the delay of execution on the said judgment, unless the court of chancery shall decree to the contrary, and shall, in all things, obey such order and decree as the chancery court shall make in the premises, then the above obligation to be of none effect, else," &c.

After oyer, the defendant pleaded general performance, and the plaintiff assigned his breaches, by way of replication, in substance as follows:

1st. That after the making of the said writing obligatory, the said *Thomas Joseph Speake* and *Edward Pye* did not, nor did either of them, prosecute with effect the said writ of injunction in the recital and condition of said writing obligatory mentioned, contrary to the form and effect of the said condition of said writing obligatory, whereby the said plaintiff had sustained damage to the value of six thousand dollars, current money, to wit, at *Charles* county aforesaid, and this, &c.

2nd. That after the making of the said writing obligatory, the said *T. J. S.* and *E. P.*, in the recital and condition thereof named, did not, nor did either of them, satisfy and pay the said sum of money, to wit, $2911.95, and costs, in the said recital and condition of said writing obligatory mentioned, or any part thereof, whereby the said plaintiff has sustained damage to the value of six thousand dollars, current money, &c.

3rd. That after the making of the said writing obligatory, the said *T. J. S.* and *E. P.*, in the recital and condition thereof named, did not, nor did either of them, satisfy and pay all costs, damages and charges, occasioned by the delay of execution on the said judgment, in the said recital and condition of said writing obligatory mentioned, whereby the said plaintiff has sustained damage to the value of six thousand dollars, current money, and this the said plaintiff is ready to verify, &c.; wherefore, &c.

The defendant rejoined as follows :

1st. That *E. P.* and *T. J. S.* did not obtain an injunction in the court of chancery to stay proceedings at law upon the judgment rendered against them, recited in said bond, nor to stay proceedings at law upon any other judgment, &c.

2nd. That *E. P.* and *T. J. S.* did not obtain an injunction in the court of chancery to stay proceedings at law upon any judgment obtained in *Charles* county court, by, &c., and could not, and did not, prosecute the same in the said court of chancery; and that the said court did not make any order or decree in or touching said judgment at law, and that no proceedings were had been between the said parties in the said court of chancery, and so the said bond is void, &c.

3rd. That according to the said condition, the said *T. J. S.* and *E. P.*, and *T. B.*, and *W. S. J.*, became, and were bound to prosecute with effect a certain injunction, then to be obtained in the court of chancery, to stay proceedings at law upon, &c., and to pay, &c.; and so the defendants in fact say, that the said writing obligatory, &c., is an injunction bond given, to take effect upon the obtaining of an injunction by the said, &c., to stay proceedings at law upon a certain judgment obtained, &c., and that neither *T. J. S.*, nor *E. P.*, &c.,

have obtained any such injunction, nor have any proceedings to delay execution upon the said judgment been had by him in the court of chancery; and so not their bond.

4th. That they, &c., did not obtain an injunction from, &c., nor institute any proceedings in chancery; nor did the court of chancery make any order or decree in the premises, and so the performance of the condition became, and was, and still is, impossible.

5th. General performance.

6th. Plene administravit, of the estate of Thomas Burgess.

7th. That while the said T. J. S. and E. P. were alive, they did well and truly prosecute said injunction, and did, in all things, stand to, obey, and perform, each and every order and decree of the court of chancery, mentioned in the said condition, until afterwards, to wit, on the —— day of June, eighteen hundred and ————, when the said J. T. S. departed this life; and that after his death, the survivor, E. P., did, during his life, well and truly prosecute said injunction, and did, in all things, stand to, obey, and perform, each and every order and decree of the court of chancery in the premises; that afterwards E. P. died; and that it was afterwards so proceeded in said injunction, that after the death of T. J. S. and E. P., the said writ of injunction was dissolved by final order of the court of chancery, of 27th March 1840, and this, &c.

The plaintiff demurred generally to the 1st, 2nd, 3rd, 4th, and specially to the 7th, rejoinders of the defendant.

The 5th rejoinder was denied generally, with an assignment of breaches, as in the 1st plea.

Issue was joined on the 6th rejoinder.

The defendant joined in demurrer, and also demurred to the surrejoinder to the 5th rejoinder.

After this the defendant prayed leave to amend his 7th rejoinder, and rejoined anew :—

"That while the said T. J. S. and E. P. were alive, they did well and truly prosecute with effect said injunction, and did, in all things, stand to, obey, and perform, each and every order and decree of the court of chancery mentioned in the said condition, and then proceeded to make the averments as in the

first 7th rejoinder, filling up the blanks left in that plea;" and "that at the time when the said injunction was dissolved, there was no administrator or executor of the said *S.* or *P.* in existence."

To this amended rejoinder the plaintiff demurred generally.

The county court sustained the 1st, 2nd, 3rd, 4th, 5th, and the 7th amended rejoinders, as valid bars to the plaintiff's action, and rendered final judgment for the defendant.

The plaintiffs appealed.

The cause was argued before ARCHER, C. J., DORSEY, SPENCE and MARTIN, J.

By CAUSIN and J. J. LLOYD for the appellants.

No counsel appeared for the appellee.

SPENCE, J., delivered the opinion of this court.

This was an action of *debt* on a bond: the declaration was in the usual form, to which the defendant pleaded general performance: the plaintiff replied, and assigned breaches.

To the plaintiff's replication, the defendant pleaded seven separate pleas, by way of rejoinder, and to all of the defendant's pleas, by way of rejoinder, the plaintiff filed demurrers, except the fifth.

The bond, on which this action is brought, recites, "whereas the above bound *Thomas Joseph Speake* and *Edward Pye*, have obtained an injunction to stay proceedings at law, and on a judgment rendered against them in *Charles* county court, by the above named *Thomas Janney* and *John D. Brown,*" &c., and the condition of the bond is, "that the said obligors shall prosecute the injunction with effect, and satisfy and pay, as well the said sum of money and costs, as all costs, damages and charges, that shall accrue in the chancery court," &c.

The defendant's first four pleas, by way of rejoinder, are each of them obnoxious to the same fatal infirmity, namely, they, each of them, deny a fact which the defendant's intestate has expressly admitted under his hand and seal, in his bond. In the recital of the bond it is said, "that the obligors, *Speake*

and *Pye,* have obtained an injunction to stay proceedings at law," and in each of these pleas, by way of rejoinder, this fact is denied. The law is clearly settled upon authority, that a party is estopped from denying a fact recited in his deed.

*Lord Denman, C. J.,* in the case of *Bowman vs. Taylor and others,* 29 *Eng. Com. Law Rep., p.* 90, in his opinion, uses this language: "As to the doctrine laid down in *Co. Litt.,* 352 *B.,* that a recital doth not conclude, because it is no direct affirmation: the authority of *Lord Coke* is a very great one; but still, if a party has, by his deed, recited a specific fact, though introduced by 'whereas,' it seems to me impossible to say, that he shall not be bound by his own assertion, so made under seal." *Vide Fridge vs. State, use of Kirk,* 3 *G. & J.,* 114. *Lainson, ex'tr of Owen Griffiths, vs. Tremere,* 28 *Eng. Com. Law,* 214. *Shelley vs. Wright, Wille's Rep.,* 9.

The defendant's fifth plea, by way of rejoinder, is nothing more than a repetition of her plea of general performance, and in nearly the same words, and is, therefore, no answer to the plaintiff's replication; neither does it traverse or avoid the breaches assigned in the replication. This would have been a good ground of demurrer, but the plaintiff, instead of demurring, filed his surrejoinder thereto, and again assigned a breach of the bond, to wit: "that the said *Speake* and *Pye* did not, nor did either of them, prosecute with effect the said writ of injunction," &c. To this surrejoinder the defendant demurred, and the court sustained her demurrer.

In this, we think, the court erred, and as it is a well established rule, that courts of law will give judgment against the party whose pleading is first bad, and as we think the defendant's fifth plea was unquestionably defective, therefore the demurrer should have been overruled.

The defendant's seventh plea, to which the plaintiff also demurred, is neither an answer as to the plaintiff's replication, or a bar to his action, and the matter which it sets up, by way of defence, shows conclusively the breach of the bond assigned by the plaintiff. It, in substance, avers, that the said *Speake* and *Pye,* during their joint lives, and the life of the survivor of them, "did well and truly prosecute with effect said injunction,

and did, in all things, stand to, obey, and perform, each and every order and decree of the chancery court," &c., until the death of the said *Speak* and *Pye;* and "that it was so proceeded in said injunction, that after the death of the said *Speak* and *Pye,* the said injunction was dissolved by a final order of said court, passed on the 27th day of March 1840:" the plea avers, that at the time of the dissolution of the injunction, "there was no administrator or executor of said *Speak* or said *Pye,* in existence." The matter set up in this plea as a defence, shews clearly the forfeiture of the condition of the bond, and the plaintiff's right of action. The condition of the bond is, that the said *Speak* and *Pye* "shall prosecute the said injunction with effect:" the allegation in the plea is, "that it was afterwards so proceeded in said injunction, that after the death of said *Speak* and *Pye,* that said injunction was dissolved by final order of said court, passed," &c. This court must consider the order of the chancery court as regularly and legally passed in the cause. "The judgment of a court of competent jurisdiction, when coming incidentally in question in any other court, is conclusive upon the question decided, and cannot be impeached, on the ground of informality in the proceedings, or error or mistake of the court in the matter on which they have adjudicated." This is the language of the court in *Raborg vs. Hammond,* 2 *H. & G.* 50. *Bowie vs. Jones,* 1 *G. R.,* 214.

This case is manifestly distinguishable from the cases cited and relied on by the defendant's counsel. The case in *Carthew,* 519, *Duke of Ormond vs. Birely,* which seems to be the leading case on this point, shews very clearly the grounds of the decision, namely, "that the suit abated by the death of the obligor, in the replevin bond, before judgment;" for the court say, there was neither *non suit,* or verdict against the plaintiff in replevin. The case in 14*th Mass. R.,* 231, *Janney vs. Janney,* was decided upon the ground, that the suit abated before judgment in the appellate court. But the plea in this case does not aver that the suit abated, but on the contrary, "that it was so proceeded in, that said injunction was dissolved by final order of said court, passed on the 27th day of March 1840."

JUDGMENT REVERSED AND PROCEDENDO AWARDED.