MARY O. G. CRONISE BY HER NEXT FRIEND
vs.
JOHN CLARK, HENRY MANKIN ET AL.
} JULY TERM, 1849.

[PRACTICE—MORTGAGE BY FEME COVERT INFANT—ACT OF 1833, CH. 181.]

A MORTGAGE of her reversionary interest in real and personal estate, executed by a *feme covert* infant to secure a debt due by a firm of which her husband was a member, is absolutely void and incapable of confirmation.

She may insist upon her incapacity to execute such an instrument notwithstanding a decree has been passed for the sale of the mortgaged property under the act of 1833, ch. 181, the proceeding to obtain such decree under that act being *ex parte.*

On motion to dissolve on bill and answer, so much of the bill as is not denied by the answer, is taken for true.

The averment in the bill of the infancy of the complainant at the time she executed the mortgage, though not admitted by the answer, and proof called for to sustain it, must, on motion to dissolve, be taken to be true.

Contracts void at law are void in equity, and are considered by the latter courts, as well as the former, incapable of being made good by any subsequent acts of the parties.

The summary proceedings prescribed by the act of 1833, ch. 181, are not applicable to mortgages of moneyed securities and bank stock.

The statement verified by affidavit directed by the 3d section of the act of 1833, ch. 181, to be filed, may be filed at any time before the sale.

[The bill in this case was filed for an injunction restraining execution of a decree of this court for the sale of certain mortgaged property, passed under the provision of the act of 1833, ch. 181, the mortgage having been executed with reference to that act. Part of the property so mortgaged was devised by the will of William Abbott, in trust, to permit Elizabeth B. Abbott to take the rents and profits thereof during her widowhood, and after her death or marriage, in trust for the complainant, Mrs. Cronise, and, on certain contingencies, over to other persons. The residue of said property was devised by John E. Stansbury, the father of the said Elizabeth B. Abbott, in trust, to permit said Elizabeth to take the rents and profits during her life, and after her death, in trust for her children, of whom the complainant was one. The other facts of the case are sufficiently stated in the opinion of the Chancellor, delivered upon the hearing of the motion to dissolve the injunction upon bill and answer.]

THE CHANCELLOR:

This case is brought before the court upon a motion to dissolve the injunction, and has been argued by the counsel of the respective parties.

It appears that on the 29th of September, 1847, a mortgage was executed by Elizabeth B. Abbott and William H. V. Cronise and Mary O. G., his wife, to the defendants, Clark & Mankin, to secure to the latter the sum of nine thousand dollars, due them from the firm of William H. V. Cronise & Co., of which firm the mortgagor, William, was a member.

The mortgaged premises consist of real estate and ground rents in the city of Baltimore, bank stock and moneys, secured on mortgage, and the condition of the mortgage was that the same should be void, provided the debt thereby intended to be secured should be paid in twelve equal installments, at stipulated periods.

Several of the installments having fallen due and remaining unpaid, and the mortgage containing the assent and agreement of the mortgagors provided for in the act of 1833, ch. 181, a petition was filed in this court in July, 1848, by the mortgagees, praying that a decree might be passed for the sale of the mortgaged premises, in conformity with the provisions of that act, for the payment of the installments of the debts then due, with the interest thereon, and a decree passed accordingly on the 8th day of that month, appointing a trustee, with authority to sell in case the installments due, with the interest and costs, should not be paid by a day limited for that purpose. The day having passed, and the money not being paid, the trustee advertised the property for sale, when the present bill was exhibited by Mrs. Cronise alone, asking for and obtaining an injunction to restrain him upon the several grounds therein stated.

The first is, that at the time of executing the deed of mortgage, the complainant was under the age of twenty-one years, as was known to her husband and mother, the other mortgagors, and as she believes, to Clark & Mankin the mortgagees; and that she has never, at any time or in any manner, ratified or confirmed or acknowledged the validity thereof.

Clark & Mankin, the only defendants who have answered the bill, deny that at the date of the mortgage they had any knowledge, nor have they now, that the complainant was at that time under age, and put her to the proof of her alleged° infancy. And they say, that long since the date of the mortgage, and when, the defendants believe and charge, the complainant was of full age, if, indeed, under age at the making of the mortgage, she ratified, sanctioned and confirmed the same.

It must, of course, be perfectly clear, that if Mrs. Cronise was under the age of twenty-one years when she executed this mortgage, it could not be binding upon her, and that unless she has, since she attained the legal capacity to contract, ratified her act in such a way as to give it legal efficacy against her, if it is capable of such ratification, she may now insist upon her incapacity; the petition of the mortgagees, upon

VOL. IV.—34

which they obtained the decree, having been *ex parte*, and she having had no notice of it until recently.

Mrs. Cronise charges not only that she was a minor at the time she executed the mortgage, but that she has never, at any time since, ratified and confirmed, or acknowledged the validity thereof. With respect to the averment of the minority of the complainant, at the date of the execution of the mortgage, the answer neither admits nor denies it, and puts her to the proof; but they say she has, since she attained full age, sanctioned and confirmed it. The answer does not show how or in what manner she did so sanction and confirm it, and there is nothing upon the face of the instrument to enlighten us upon the subject.

It appears by the mortgage itself that it was given to secure to the mortgagees a debt due them from William H. V. Cronise & Co., of which firm the husband of the complainant was a member, and therefore, it is insisted that it belongs to that class of contracts made by an infant which are considered *void* and incapable of confirmation.

The averment of infancy at the time of executing the mortgage is not denied, and although it is not admitted and proof called for, it must, for the purpose of this motion, be taken to be true, the rule being that on a motion to dissolve on bill and answer, so much of the bill as is not denied by the answer is taken for true, and it becomes, therefore, a question, assuming that so much of the answer as speaks of a confirmation of the deed is responsive, and that the form of the confirmation need not be shown, (a position which may, perhaps, well be doubted,) whether a deed of this description, executed by a minor, for the purpose of securing a debt due by another, is not absolutely void, and if void, incapable of confirmation.

In the case of *Fridge* vs. *The State, use of Kirk*, 3 *G. & J.*, 103, the Court of Appeals decided that a release to her guardian, given by a female ward between the ages of sixteen and twenty-one years was void, upon the ground that such instruments are, in their nature and tendency, to the prejudice of infants, and opposed to sound policy. The court, in the

opinion delivered, say, "some contracts made by infants are binding, such as contracts for necessaries; some are void, and others voidable, only such as contracts that may be for the benefit of the infant. But a contract that a court can see and pronounce to be to the prejudice of the infant is void." And the instrument in that case, the release spoken of, was adjudged to be absolutely void.

Now, it seems to me to be most obvious that the deed in this case is as evidently prejudicial to the infant as the release in the case decided by the Court of Appeals. This is the case of an infant *feme covert*, joining in a mortgage of her reversionary interests in real and personal estates, to secure debts due from her husband, or rather from a commercial firm, of which her husband was a partner, without any consideration whatever moving to her. It is a contract from which she cannot possibly derive a benefit, and which the court cannot fail to see and pronounce to be to her prejudice. It must, therefore, be regarded as merely void and incapable of confirmation, the rule being that contracts void at law are void in equity, and are, therefore, considered by the latter courts as well as the former, incapable of being made good by any subsequent acts of the parties. *Newland on Contracts*, 496; *Blessing* vs. *House*, 3 *G. & J.*, 290. My opinion, therefore, is, that assuming Mrs. Cronise to have been a minor at the time she executed the mortgage, as upon this motion it must be assumed, it is upon the principle in the case in 3 *G. & J.*, void as to her, and incapable of confirmation, and therefore, so far as her rights are concerned, the injunction must stand.

With respect to William H. V. Cronise and Elizabeth B. Abbott, the case stands upon different grounds. They were competent to contract, and there is no averment or pretence that any fraud or imposition was practiced upon them or either of them. And moreover, they are not now here complaining of the decree passed by this court in July, 1848. If, therefore, there is in that decree anything of which they have a right to complain, relief cannot be afforded them upon this bill. Whether they or either of them have such estates in the prop-

erty conveyed by the mortgage and decreed to be sold as this court ought to sell, is not a question to be considered upon this bill, which seeks to vindicate and protect the rights of Mrs. Cronise, and no one else.

It may be that there is property embraced in the mortgage, and directed to be sold by the decree, which, under the provisions of the act of 1833, ch. 181, is not liable to be sold by the summary proceeding authorized by that act. The second section declares that "in order to facilitate the enforcement of mortgages of real property and estate in the city of Baltimore, that in all cases of conveyances by way of mortgage of *lands* or *hereditaments* or *chattels real,* situate in the city of Baltimore, and where, in the said conveyances, the mortgagor shall declare his assent," &c. The mortgage in this case embraces moneyed securities and bank stocks, and to that extent the summary and peculiar proceeding prescribed by the legislature would seem to be inapplicable. But the decree was passed, and we have now nothing to do with that question, or any other, not affecting the rights of the complainant in this case, and the injunction, therefore, except as to her, will be dissolved. The statement, verified by affidavit, directed by the 3d section of the act of 1833, ch. 181, to be filed, may be filed at any time before the sale, according to the terms of the section.

ADDISON, ALEXANDER and PRESTON, for Complainant.
GLENN and RIDGELY, for Defendants.