## T. MILTON JONES *vs.* THOMAS H. ROSE ET AL.

*Apportionment and Extinguishment of Ground Rent.*

The owners of land which was subject to an old ground rent united in a deed of partition by which that rent was charged upon a certain part of the land, and the rest of the land exonerated therefrom. Subsequently one of the parties to this deed acquired the outstanding ground rent and conveyed the same to some of the other parties to the deed of partition, and these grantees afterwards executed a deed conveying the rent to the owners of the lot upon which it had been expressly charged in the deed of partition. Defendant agreed to purchase a part of the original tract of land, not including that upon which the leaseholders had charged the rent, and objected that the title was not in fee-simple. *Held*, that the parties to the deed of partition and those claiming under them were estopped to deny that the rent had been apportioned, and that since these same parties afterwards acquired the ground rent, they and their privies were likewise estopped to claim that the rent is collectible from that part of the land which had been exonerated therefrom, and that moreover the last mentioned deed had extinguished the rent.

Appeal from the Circuit Court No. 2, of Baltimore City (WICKES, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*W. W. Parker* (with whom was *J. R. Staum* on the brief), for the appellant.

*Vernon Cook* and *Stuart S. Janney* (with whom were *Gans & Haman* on the brief), for the appellees.

McSHERRY, C. J., delivered the opinion of the Court.

This case was commenced by a bill in equity which was filed to enforce specifically the performance of a contract for the sale of a lot of ground lying in Baltimore City. The contract is admitted. The purchaser refused to accept the title and to pay for the property solely because it is alleged that

the vendors are not the owners of the fee ; and it is insisted that they are not the owners of the fee by reason of there being an outstanding ground rent charged upon the lot. The case was tried upon an agreed statement of facts. Circuit Court No. 2 decreed that the purchaser should forthwith bring into Court the purchase-money stipulated to be paid, and that the plaintiffs should then convey the property to him. From that decree this appeal was taken.

Have the vendors a fee-simple title ? If there is no outstanding ground rent on the premises they confessedly have such a title. So the only question is, is there an outstanding ground rent on the property ? That question must be solved by an examination of the various conveyances set out in the record, and this is neither a very interesting nor a very exciting task.

Prior to the year eighteen hundred and thirty-four the leasehold estate in a parcel of land lying in Baltimore City became vested in George and Peter Hoffman, as tenants in common. The property was subject to two ground rents, the one created in seventeen hundred and seventy-five for three pounds sterling and the other in seventeen hundred and ninety-four for sixteen pounds current Maryland money, the two together aggregating about fifty-six dollars. George Hoffman died in eighteen hundred and thirty-four leaving a last will and testament, and Peter Hoffman died in eighteen hundred and thirty-seven also leaving a last will and testament. In eighteen hundred and forty-six the devisees of George and Peter partitioned this parcel of land by a deed which made division of it between them with the exception of lots nineteen, twenty and twenty-one, and those the parties still continued to hold in common. The three lots just mentioned had been sub-leased by George and Peter Hoffman to George Addison at a rental of seventy-five dollars per annum. In the deed of partition of eighteen hundred and forty-six the rent of seventy-five dollars reserved in lots nineteen, twenty and twenty-one was appropriated to the payment of the fifty-six dollar rent chargeable upon the whole parcel ; and it was distinctly pro-

vided in the deed that "said rent of seventy-five (75) dollars is to be collected and applied to the payment of the original rent of fifty-six (56) dollars on the whole lot and the balance divided among the parties hereto agreeably to their interests." By the will of Peter Hoffman it was provided that his son Samuel O. Hoffman and his son-in-law, Lennox Birckhead, should choose out of the testator's portion of the entire parcel two lots of ground for each of his grandchildren living at the time of his death, each lot to be not more than twenty feet front by from seventy-five to one hundred feet deep; and the lots so chosen were directed to be held in trust by Samuel O. Hoffman and Lennox Birckhead until the grandchildren became of age, and upon the happening of that event the lots were to be conveyed to them. Pursuant to the direction contained in Peter Hoffman's will the devisees of the testator, on April the third, eighteen hundred and forty-six, conveyed to Samuel O. Hoffman and Lennox Birckhead, trustees, ten lots of ground out of that half of the whole parcel which had been partitioned off to them, three days before; and those ten lots were to be held for the grandchildren according to the terms of the will. Eight of those ten lots thus conveyed constitute lot number four on the plat accompanying the partition deed, the other two are in lot number six. Lot number four is the one concerning the title to which this controversy relates. Four days later, that is on April the seventh, eighteen hundred and forty-six, the devisees of Peter Hoffman conveyed to Lennox Birckhead all the remaining portion of the lots assigned to them by the deed of partition, together with "all the undivided right, title and claim of the said parties of the first part in and to those three several lots, * * * * * * marked Nos. 19, 20 and 21 which were heretofore leased to George Addison by George Hoffman and Peter Hoffman, reserving a rent of seventy-five dollars per annum on the same and which were left undivided for the purpose of providing a fund to pay the original ground rent of fifty-six dollars, reserved on the whole property."

Now, at the time last mentioned, namely, April seventh,

eighteen hundred and forty-six, Lennox Birckhead was pos-
sessed in his individual right of all the lots assigned to the de-
visees of Peter Hoffman by the deed of partition, except Lot
number four (the one in question here) and except part of Lot
six; and he held Lots, 19, 20 and 21 as tenant in common
with the devisees of George Hoffman; and as co-trustee with
Samuel O. Hoffman he possessed Lot number four and part
of Lot number six.   In February, eighteen hundred and
forty-eight, George B. Hoffman, son of the George Hoffman
who died in eighteen hundred and thirty-four, purchased the
fee to the entire parcel, that is to all the lots divided in the
deed of partition.   On March the sixteenth of the same year
George B. Hoffman executed a deed of the same fee or rever-
sion in all of the parcel to the devisees of George B. Hoffman,
deceased; reciting in the deed that he had purchased the fee
as their agent, they having paid the purchase-money.   On
March the twentieth, eighteen hundred and fifty-seven, the
parties to the last named deed—they being the devisees of
George Hoffman, the elder—executed a conveyance to Len-
nox Birckhead, wherein they granted, bargained, sold, released
and conveyed to the grantee his heirs, executors, administra-
tors and assigns "all their and each of their interest in and
right and title to the said yearly rent of fifty-six dollars and to
the property of which the said yearly rent was reserved * * *
so that neither the parties grantor   *   *   *   *   nor the said
Lennox Birckhead can claim payment of the said yearly rent
of fifty-six dollars or any part thereof and so that the parties
grantor   *   *   *   *   *   shall hold the property which
passed to them in severalty under the said deed of partition in
fee simple clear of the yearly rent of fifty-six dollars and also
that the said Dr. Lennox Birckhead shall hold the property
conveyed to him by Samuel O. Hoffman and others in fee-
simple and clear of said yearly rent of fifty-six dollars or any
part thereof."   No rent seems to have been demanded from
or paid by the owners of the lots which make up Lot number
four, for very many years.

Samuel O. Hoffman and Lennox Birckhead, the two trus-

tees who held the title to Lot number four, having died with-
out conveying to the grand-children of Peter Hoffman the
parcels making up that lot and to which the latter were enti-
tled upon arriving at age; proceedings were instituted in
eighteen hundred and seventy-two, and a decree was passed
appointing a trustee to make sale of the lots comprising Lot
number Four.   The lots were sold and were conveyed in fee-
simple and under *mesne* conveyances from the purchasers the
appellees claim title.

From this outline of the chain of title it is apparent that the
sub-rent of seventy-five dollars issuing out of lots nineteen,
twenty and twenty-one was set apart by the owners of the
leasehold estate to pay the original ground rent of fifty-six
dollars, and this appropriation was conclusive upon the parties
to that deed for the law is clearly settled upon authority that
a party is estopped from denying a fact recited in his deed.
*Lloyd* v. *Burgess*, 4 Gill, 192.   No one claiming under or
through those parties will be allowed to question those reci-
tals or permitted to impeach that apportionment.   Conse-
quently as far as the leaseholders and all persons claiming
under them were or are concerned, an effective apportionment
was made of the original rent of fifty-six dollars upon lots
nineteen, twenty and twenty-one, and therefore the residue of
the property was exonerated therefrom.   Of course, however,
no act of the leaseholders could of itself bind the reversioner,
but when the lessee became the reversioner the estoppel aris-
ing from the recitals contained in the grant which he made as
lessee and which bound him in the latter capacity, likewise
bound him as the owner of the reversion; analogically, as a
title acquired by a grantor, after he has conveyed by warranty,
land to which he had no title, enures to the grantee by estop-
pel.   *Funk* v. *Newcomer et al.*, 10 Md. 316.   The deed of par-
tition wherein the apportionment of the original rent was made,
was executed on April the first, eighteen hundred and forty-
six.   In less than a year afterwards George B. Hoffman, one
of the parties to that very deed, acquired the ground rent for
and in behalf of and subsequently conveyed it to all of the de-

visees of George Hoffman, deceased, who were the identical
parties to the deed by which the apportionment was made.
Now, as the leaseholders who made the apportionment, which,
by reason of the recitals in their deed they are forever estopped
to deny, subsequently acquired the fee, they cannot be per-
mitted to repudiate those same recitals or be allowed to assert
a claim directly at variance therewith. And especially is this
so in view of the fact that in eighteen hundred and fifty-seven,
they, as owners of the reversion, deliberately undertook to ex-
tinguish the ground rent and in the deed designed to accom-
plish that result, they recited the apportionment of the rent
and thus thereby assented to that apportionment.

But this is not all. The series of conveyances alluded to
and particularly the deed of March the twentieth, eighteen
hundred and fifty-seven, clearly indicate an intention on the
part of the owners of the fee to wholly extinguish the original
ground rent. When it is remembered that at the time the
deed of eighteen hundred and fifty-seven was executed Lennox
Birckhead owned Lots 19, 20 and 21 as tenant in common with
the owners of the fee and that those three lots were, under the
deed of partition, to bear the entire original rent, and that he
owned individually all the lots assigned, under the deed of
partition, to the devisees of Peter Hoffman except lot number
four and part of lot number six, which he and Samuel O.
Hoffman held as trustees for the grandchildren of Peter Hoff-
man, the full significance and effect of the recitals contained in
and the conveyance made by the deed of eighteen hundred and
fifty-seven are manifest. It cannot be disputed that this deed
did completely extinguish the ground rent upon all the prop-
erty, unless the failure to name in the deed Samuel O. Hoff-
man and Lennox Birckhead, trustees, prevented the deed from
applying to lot number four and part of lot number six, then
held by them in the capacity just mentioned. But no such
effect can be given to that omission or failure. All the prop-
erty, except Lots 19, 20 and 21, had already been exonerated
from the burden of the ground rent by virtue of the estoppel
above adverted to and therefore it became necessary only to

release the owner of those three lots if the rent was intended to be wholly extinguished. When the owner of those lots was released by the deed of eighteen hundred and fifty-seven the original rent was completely destroyed and lot number four was then, if not before, held in fee.

As the title to lot number four is a good and marketable one in fee-simple the decree of Circuit Court No. 2, granting the relief prayed in the bill, must be affirmed, and it is accordingly so ordered.

*Decree affirmed with costs.*

(Decided January 22nd, 1903.)