## JACK HAMBURGER *vs.* JOSEPH FINKEL ET AL.

### *Merger of Ground Rent.*

One who had acquired sub-rents, reserved on sub-leases of portions of certain property, having afterwards acquired the rent reserved on the original lease of the whole property, *held* that a merger occurred, which extinguished the original rent as regards a portion of the property on which one of the sub-rents was reserved.

*Decided May 13th, 1925.*

Appeal from the Circuit Court of Baltimore City (STEIN, J.).

Bill by Joseph Finkel and Dora Finkel, his wife, against Jack Hamburger. From a decree for plaintiffs, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*John H. Hessey,* for the appellant.

*Jacob S. New,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

In this case the appellees, Joseph Finkel and Dora Finkel, his wife, sold unto Jack Hamburger, the appellant, the property known as No. 605 South Broadway, which, as stated by the appellees in the agreement of sale, was held by them in fee simple. The price to be paid therefor was $10,000, of which $500 was paid prior to the signing of the agreement and the balance was to be paid in cash within thirty days from the first day of October, 1924, the date of the agreement. Upon the payment of the unpaid purchase money, the deed was to be executed by the vendors at the vendee's expense, and at such time the vendors were to convey to the vendee a good and merchantable title to the property.

The balance of the purchase money was not paid when due and payable, and the appellees filed their bill asking

that the agreement of sale be specifically enforced and that the appellant be decreed to pay to the appellees the balance of the purchase money, and that upon his doing so he be required to accept from the appellees a conveyance of said property.

The appellant, defendant below, filed his answer to the bill, admitting the sale of the property to him at the price named, and that he had paid thereon only the sum of $500, but alleged that the plaintiff had not a good and merchantable title to the property sold to him; that it was a part of a large tract subject to an original rent of twenty-six pounds sterling and further subject to a sub-rent of one cent.

It is stated in an agreed statement of facts found in the record: That the property mentioned was, by lease dated June 7th, 1780, and recorded among the Land Records of Baltimore City, demised and leased by James Giles and Annie Giles, his wife, to James Sterling at and for the annual rent of twenty-six pounds sterling, and the property mentioned in said lease were lots Nos. 198, 191, 213, and the one-half of lot No. 205 which adjoined Lot No. 213, and that said lots so leased are shown on a photostatic copy filed with the bill, which the reporter is asked to insert in his report of this case;

that the entire lot became vested in Daniel Bowley by virtue of an assignment from said James Sterling, dated January 10th, 1781, and duly recorded among the Land Records of Baltimore City; that Daniel Bowley made various leases of small lots which were carved out of the property mentioned in the original lease, whereby various and sundry rents were reserved, and that he, by lease dated April 3rd, 1806, did demise and lease the property now known as No. 605 South Broadway to Robert Hancock, which said lease is likewise duly recorded among the Land Records of said city, reserving out of said lease the annual rent of one cent, with the usual provision that said lot of ground should pay no other or greater rent; that title to said lot so known as No. 605 South Broadway was acquired by the plaintiffs (the appellees) by virtue of a deed from Silas M. Fleischer and wife, dated June 14th, 1918, and likewise recorded among the Land Records of Baltimore City, and that the ground rent of one cent mentioned in said deed has not been demanded nor has it been paid for more than twenty consecutive years.

It is also stated in the said agreed statement of facts that William D. McKim acquired title to various sub-rents issuing out of portions of the property mentioned in the original lease, also a lot at the corner of Market (now Broadway) and Fleet Streets in fee simple, which was included in said original lease; that title to the original rent of twenty-six pounds sterling was acquired by William D. McKim subsequent to the aforesaid acquisition of the various sub-rents and fee simple property by virtue of two deeds, one dated September 10th, 1833, and recorded among the Land Records of Baltimore City, and the other dated January 8th, 1834, also recorded in said Land Records; that upon the death of William D. McKim, partition proceedings were had in the High Court of Chancery of Maryland in 1836, and that in said proceedings said sub-rents and fee simple property were awarded to the heirs of the said William D. McKim, and that in said proceedings no mention was made

of the original rent of twenty-six pounds sterling, and said rent was not included in said partition proceedings nor was it awarded to any of the parties to said cause; that this particular property, No. 605 South Broadway, has paid no portion of the original rent of twenty-six pounds sterling, nor has any demand for any portion of it been made upon the owner of No. 605 South Broadway for more than twenty consecutive years prior to the date of the contract of sale, mentioned and filed in these proceedings.

The appellant in his brief concedes that the rent of one cent is no longer outstanding, but has clearly been extinguished under the provision in article 53, section 26, of the Code of Public General Laws of Maryland (1924), which provides: "Whenever there has been no demand or payment for more than twenty consecutive years of any specific rent reserved out of a particular lot or any part of a particular lot under any form of lease, such rent shall be conclusively presumed to have been extinguished." But the appellant contends that the property is subject to the original rent of twenty-six pounds sterling and that no fee simple title can be conveyed.

The only question to be decided by us is whether the original rent of twenty-six pounds sterling is still outstanding.

As stated above, the title to the leasehold interest in the entire lot was in 1781 vested in Daniel Bowley. He made various leases of small lots carved out of it, and, in so doing, various rents were reserved by him. Among the lots so leased was 605 South Broadway, which was acquired by the plaintiff in 1918. The sub-rents issuing out of part of the property were acquired by William D. McKim and thereafter he obtained title to the original rent. Upon his death partition proceedings were instituted and the sub-rents were awarded to his heirs, but the original rent was not awarded to any of the parties nor was there any mention made of it, and no demand was made upon the owner of the property, 605 Broadway, for the payment of such rent, or any part

of it, for more than twenty consecutive years prior to the contract of sale here sought to be enforced.

The acquisition by McKim of the original rent, after having obtained title to the various sub-rents, worked, we think, a merger, and extinguished the original rent, leaving only the one cent rent upon the property, and this has been lost by the non-collection of the same for a period extending over twenty consecutive years. *Jones v. Rose,* 96 Md. 483; *Safe Deposit v. Marburg,* 110 Md. 410; *Hurwitz v. Dugan,* 141 Md. 168. The vendors, therefore, hold a fee simple title to said property, 605 Broadway, and consequently the order appealed from granting the relief prayed in the bill must be affirmed, and it is so ordered.

*Decree affirmed, with costs.*