1806.
DECEMBER.

Morgan
vs
Slade

Whether or not a rejoinder of no assets is a departure from the plea of performance in an action upon a testamentary bond? *Quere*

Can the defendant by his rejoinder put in issue two separate and distinct facts to a replication assigning breaches for the nonperformance of the condition of a testamentary bond? *Quere*

On the plea of no assets, *or plene administravit*, the *onus probandi* lies on the part of the plaintiff.

Is the plea of no assets the same in effect as the plea of *plene administravit?* *Quere*

If an executor, &c. neglects to return an inventory, is he bound for all debts and legacies &c? *Quere*

An executor cannot give in evidence that he had equally and proportionably, or nearly so, distributed the residue of the personal estate after payment of debts, &c among the several legatees.

MORGAN *vs.* SLADE, *et ux.*

APPEAL from the General Court. An action of debt was brought on the testamentary bond, executed on the 8th of February 1776, to the Lord Proprietary, on the estate of *Edward Morgan*, deceased, by the appellant, (the defendant in the court below,) as his executor. The defendant pleaded performance, to which the plaintiffs replied nonperformance, assigning breaches that the deceased, by his will, bequeathed to his daughter *Elizabeth*, the female plaintiff, £300 on her arrival at age, &c. with interest, &c. and he also bequeathed to his daughter *Susanna*, £300 on her arrival at age, &c. with interest, &c. that *Susanna* died intestate, whereby one sixth part of the said legacy, amounting to £50, became by the testator's will due and payable to the said *Elizabeth*, &c. And that the executor had not paid the said legacies, &c. The defendant rejoined *no assets*, and *payment* in the following manner, viz.

"And the said R. M. saith, that the said D. S. and E. his wife, ought not to have or maintain their action aforesaid against him, by reason of any thing above by them in replying alleged, because he saith, that no goods and chattels, which were of the said E. M. at the time of his death, have come to, or been in the hands of him the said R. M. to be administered; and that he hath not in his hands to be administered, nor had he on the day of the impetration of the original writ in this cause, any assets, goods or chattels, which were of the said E. M. at the time of his death; and this he the said R. M. is ready to verify; wherefore he prays judgment, whether the said D. S. and E. his wife, their aforesaid action against him to have or maintain ought, &c. And the said R. M. as to the breach in the replication of them the said D. S. and E. his wife, above alleged, as to the nonpayment of the said legacies, he saith, that the said D. S. and E. his wife, their aforesaid action against him to have or maintain, by any thing therein alleged, ought not, because he saith, that after the arrival to age of the said E. to wit, on the, &c. he the said R. M. paid to the said E. whilst she was sole, and before her intermarriage with the said D. the sum of £300, in form aforesaid bequeathed to her by the will of the said E. M. and the interest thereon due, as also the said sum of £50, the share or proportion of the said E. of the said £300 bequeathed to her as aforesaid, on the death of the said S. together with interest

thereon due, to wit, at *Harford* county aforesaid; and this he the said R. M. is ready to verify. Wherefore he prays judgment whether the said D. S. and E. his wife, to have or maintain their aforesaid action against him ought, &c."

To which the plaintiffs surrejoined *assets*, and *nonpayment* as follow, viz "And the said D. S. and E. his wife, as to the first rejoinder of the said R. M. above alleged, from having and maintaining their action aforesaid against him ought not to be precluded, because they say, that goods and chattels which were of the said E. M. at the time of his death, did come to the hands of him the said R. M. to be administered, and that he hath in his hands to be administered, and had on the day of the impetration of the original writ in this cause, assets, goods and chattels, which were of the said E. M. at the time of his death; and this the said D. S. and E. his wife, pray may be inquired of by the country; and the said R. M. in like manner, &c. And the said D. S. and E. his wife, as to the second rejoinder of the said R. M. above alleged, their action aforesaid against him from having and maintaining, by any thing therein contained, ought not to be precluded, because they say, that after the arrival to age of the said E. to wit, on, &c. he the said R. M. did not pay to the said E. whilst she was sole, and before her intermarriage with the said D. S. the said sum of £300, in form aforesaid bequeathed to her by the will of the said E. M, and the interest thereon due, as also the said sum of £50, the share or proportion of the said E. of the said £300 bequeathed to the said E. on the death of the said S. together with the interest thereon due, to wit, at *Harford* county aforesaid; and this the said D. S. and E. his wife, pray may be inquired of by the country; and the said R. M. in like manner, and so forth."

1. The defendant at the trial at May term 1803, prayed the opinion of the court, and their direction to the jury, that before the defendant is bound to produce evidence on his part to prove that he had fully accounted for the estate of *Edward Morgan,* deceased, in the replication mentioned, it was incumbent on the plaintiffs to prove, that assets or personal property of the deceased had come to the hands of the defendant.

CHASE, Ch. J. *(a.)* The court are of opinion, that it is incumbent on the defendant to support the issues on his

*(a) Done,* J. concurred. *Sprigg,* J. dissented.

1806.

Morgan
vs
Slade

part, by proving that he had not assets to pay the legacies' for which this suit is brought, or that he has paid the same, before plaintiffs adduce any proof to show that assets or personal property of *Edward Morgan*, had come to the hands of the defendant.   The defendant excepted.

2.  The defendant then offered in evidence, that *Edward Morgan*, the testator, resided in *Harford* county, having due to him at the time of his death, which happened in the year 1773, about £1000 from different persons, which sum constituted, at the time of his death, the principal part of his personal estate, and which sum was afterwards, in the year 1779, paid to defendant, his executor, in depreciated continental currency, whereby a large part of the testator's personal estate was sunk and lost.   The defendant further offered in evidence, that he, as executor, had equally and proportionably, or nearly so, distributed the residue of the personal estate among the different legatees named in the will of the testator.

CHASE, Ch. J. The court are of opinion, that the evidence is inadmissible, and they refuse to permit it to go to the jury.   The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued at the last term before TILGHMAN, BUCHANAN, NICHOLSON, and GANTT, J.

*Johnson*, (Attorney-General,) and *Magruder*, for the appellant, in their arguments contended, 1.  That on the issue to the rejoinder of *no assets*, the *onus probandi* was on the part of the plaintiffs below.  2.  That if an executor neglected to return an inventory, he was not bound for all debts and legacies.  3.  That the replication was defective, in not averring that there were assets sufficient to pay the legacies.  They cited and relied on the act of October 1778, ch. 20.   *Parson vs. Henry*, 5 *T. R.* 6.   *Bull. N. P.* 140.   *Erving vs. Peters*, 3 *T. R.* 688.   *Orr vs. Kaines*, 2 *Ves.* 194.   *Quynn vs. The State*, 1 *Harr. & Johns.* 36.   *Atkins vs. Hill*, 1 *Cowp.* 284.  2 *Com. Dig.* 369, 458.   *Swin.* 212, 229, 401, 420, 427.   *Esp. Dig.* 261.

*Martin*, and *T. Buchanan*, for the appellees, in their arguments, contended, 1.  That the plea of performance was an admission of assets, and the plaintiffs below were not bound to aver assets in the replication.  2.  That the re-

joinder of *no assets* was a departure from the plea of performance. 3. That the defendant could not, by his rejoinder to the replication, put in issue two separate and distinct facts. 4. Whether or not the plea of *no assets* was in effect the same as a plea of *plene administravit?* 5. That on the issue to a plea of *plene administravit*, the *onus probandi* was on the part of the defendant. 6. That if an executor neglected to return an inventory, he was answerable for all debts and legacies. 7. That after verdict it would be presumed that all essential evidence was submitted to the jury. They cited and relied on *Swin.* 401. 11 *Vin. Ab.* tit. *Executor*, 380, pl. 152. 2 *Show.* 163. 14 *Vin. Ab.* tit. *Inventory*, 466. *Toth.* 183. *Godb.* 145. 146, 151. 12 *Mod.* 346. 3 *Blk. Com.* 393. *Rushton vs. Aspinall, Doug.* 683. *Roe vs. Haugh, Salk.* 29. *Hawk vs. Crofton*, 2 *Burr.* 890. *Swin.* 212, 229, 401.

1806.

M'Mechen
vs.
The Mayor, &c.

THE COURT OF APPEALS concurred in the opinion given by the General Court in the *second* bill of exceptions, but dissented from that given in the *first* bill of exceptions.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

M'MECHEN *vs.* THE MAYOR, &c. OF BALTIMORE.

DECEMBER,

ERROR to the general court. This was an action of debt brought the 8th of April 1801, in the names of the defendants in error, for the use of *A. Storey*, on a writing obligatory bearing date the 23d of January 1799, executed by *Thomas Yates* and *Archibald Campbell*, with *David Stewart* and the plaintiff in error, their sureties, to *The Mayor and City Council of Baltimore*, (the defendants in error,) in the penal sum of $30,000 current money, reciting, that

*Whether or not a corporation can appear to and prosecute an action, unless by an attorney legally authorised by letter of attorney under their corporate seal? Quere*

*A warrant of attorney need not be spread on the record.*

*The appellate court cannot traverse, out of the record, but will make every necessary intendment in support of the judgment of the inferior court.*

A judgment by confession is an admission of the right of the nominal plaintiff to recover the penalty of a bond having a collateral condition; and whether the judgment is in the right of the plaintiff, or for the use of another, is not material, and cannot be a cause for reversing it.

The court will not so construe the recital in a bond as to defeat its operation and render it a nullity.

An act of assembly directing that an auctioneer shall give bond before he obtains a license, if the fact was that the license was obtained prior to the execution of the bond, it was capable of proof, and in the power of the defendant to have availed himself of it on his plea of general performance, and insisting on that fact in his rejoinder to the plaintiff's replication assigning the breach.

A surety is not answerable beyond his engagement.

Where a defendant, having pleaded general performance to a bond with a collateral condition, and without a replication on the part of the plaintiff assigning breaches, withdrew his plea, and confessed judgment—*Held*, that such judgment admits the plaintiff's claim to the extent of the penalty of the bond on which the action was brought.

A repealing ordinance cannot destroy or affect any right which was acquired by any person under the first ordinance before its repeal.

A person who entrusted an auctioneer with the sale of goods, and has a claim against him for money arising on the sale, has a right to apply for and direct a suit on the auctioneer's bond for the recovery of his claim. *(Note.)*