JONATHAN FRANTZ *vs.* LEONARD SMITH, *Executor of* SAMUEL CODDINGTON.—*December*, 1847.

In an action upon a bond, reciting the rendition of a judgment, from which the obligor, the defendant, was about to sue out a writ of error, with condition to transmit the record, &c., and prosecute the writ with effect, the defendant pleaded general performance, and the plaintiff assigned breaches in the words of the condition. The plaintiff need not produce in evidence the record of the original judgment.

The plea of general performance, in such case, affirms the existence of the judgment.

The condition of a writ of error bond recited, a judgment against the obligors for a sum certain, but was silent on the subject of interest, the judgment upon being produced in evidence, was for the same sum with interest; upon proof that the bond was filed in that cause, and there was no other cause between the parties at that term, *Held*, no variance.

APPEAL from *Alleghany* County Court.

This was an action of debt, brought by the appellant on the 6th March, 1843, against *Daniel Raymond, John Williams, Jacob Clammer* and *Samuel Coddington*, upon a bond, to appellant reciting the recovery of judgment in said county court by him, against the said *D. R.* for the sum, &c., upon which he was about to sue out a writ of error to the then next Court of Appeals, with condition, that if he should not send up a transcript of the record within the time required by law, prosecute the same with effect; and also satisfy and pay the said appellant, in case the said judgment should not be affirmed, all damages, &c. Then, &c.

To the writ, *John, Jacob,* and *Samuel* appeared. But afterwards, upon the death of *Samuel,* the appellee, his executor appeared in the cause, and severed in his defence to the action pleading, after oyer, general performance of the condition of the bond by *D. R.*

The plaintiff replied to this plea in the words of the condition of the bond, alleging that the said *D. R.* did not perform any or either of the acts therein mentioned.

To this replication there was no rejoinder; but a jury was sworn, who found a verdict for the defendant.

1ST EXCEPTION. The plaintiff to support the issue on his part joined, offered in evidence the bond set out in the pleadings in this cause, and offered to prove that the said *Daniel Raymond* filed the bond now offered in evidence in a case in *Alleghany* county court between the said *Raymond* and the said *Jonathan Frantz*, and sued out a writ of error in said cause to the Court of Appeals for the *Western Shore*, and that he did not prosecute said writ with effect, and here rested his case.

The defendant thereupon moved the court to instruct the jury that the plaintiff was not entitled to recover without producing the judgment in the recital of said bond mentioned, or a copy thereof as evidence of his claim, which motion and instruction the court (MARTIN, C. J., and MARSHALL, A. J.) granted, and so instructed the jury. The plaintiff excepted.

2ND EXCEPTION. The plaintiff then offered in evidence the judgment in the case of *Daniel Raymond*, appellant, *vs. Jonathan Frantz*, appellee, as follows, to wit:

" By *Alleghany* county court, October Term, 1840.

### No. 3 APPEALS.

DANIEL RAYMOND 19th. Jury sworn, trial, and verdict for appellee. Judgment affirmed
    *vs.*
JONATHAN FRANTZ. for appellee for $25 00, with interest from 6th day of May, 1839, and costs before Justice $7 25, and court costs $24 35, costs last term $5 10.

Appellant's costs,  .   .   .   .   . $19 98
Record,  .   .   .   .   .   .   . 3 40

Dec'r 18th, 1840, bond filed. Dec'r 26th, 1840, writ of error.

*Fi. fa.* to A. C., 1841, No. 35.

True copy—test,          AZA BEALL, *Clerk.*"

And offered to prove that the bond aforesaid was filed by the said *Daniel Raymond* in said cause, and there was no other judgment or cause at that term between the parties aforesaid in *Alleghany* county court, and a writ of error sued out thereon to the Court of Appeals for the *Western Shore*—that the

36      v.5

Court of Appeals dismissed the said writ of error, the said certificate being received by agreement as sufficient to prove the fact of such dismissal.

The defendant by his counsel objected to the offering the said judgment in evidence because of a variance, the said judgment bearing interest from the sixth day of May, 1839, and it is not stated in said bond from what time the judgment mentioned in said bond bears interest, which objection the court (MARTIN, C. J., BUCHANAN and MARSHALL, A. J.) sustained, and refused to let the said judgment be offered in evidence on account of said variance. The plaintiff excepted and prosecuted this appeal.

The cause was argued before ARCHER, C. J., CHAMBERS, SPENCE and MAGRUDER, J.

By T. J. McKAIG for the appellant, who insisted

1st. That the judgment of the court below was wrong in the first bill of exception, as the bond entitled the plaintiff to recover the $25, recited in it, without showing the judgment, because the bond showed the amount of the judgment, and admitted it.

2nd. Because if the appellee meant to deny that there was any such judgment, he ought to have craved oyer of the bond, and pleaded *nul tiel record;* instead of which, he took issue on the replication, which alleged he had not transmitted the record to the Court of Appeals, and did not prosecute the writ with effect, nor pay the appellant. The record states, that the appellant at the trial proved, that he did not prosecute the writ with effect—and this was proving the issue joined in his favor. There was no necessity to show the judgment, because he had recited it in his bond.

3rd. This case is distinguishable from the case of *Doogan vs. Tyson,* 6 *Gill & Johns.,* 459, because the variance in that case appeared on the face of the pleadings, here it does not.

4th. That the judgment of the court was wrong in the second bill of exceptions, because there was no variance

between the judgment recited in the bond and the judgment offered in evidence.

5th. There is no variance in the pleading. The proof is, that the appellee filed his bond in the case—sued out a writ of error, which was dismissed. The only question on this issue is: did he prosecute the writ with effect?

6th. The case would have been different, if this had been a suit on a sheriff's bond, where the cause of action not appearing on the face of the bond, it had to be set out in the replication.

7th. To allow the appellee to say, that he had not given a sufficient description of the judgment, in the case in which he filed his bond, would be to allow him to take advantage of his own wrong.

8th. The question is not, whether he has given a wrong description of the judgment in the bond—but, whether he has described the judgment as fully as he ought? It is insisted the description is sufficient—being accurate as far as it undertakes to describe it.

By C. McLean for the appellee.

This is a suit instituted by the appellant against the appellee, and others, on an appeal bond. There was a plea of performance and replication, setting out the breaches, though the record does not show what issue was joined. The case, however, went to trial, and it was contended that the appellant was not bound to produce the judgment, in support of the issue on his part. The court, however, determined otherwise, and this is the question presented by the first exception.

When the judgment was produced, it appeared that there was a variance, and how far that variance affected the plaintiff, is the question presented by his second exception.

The court having decided against the plaintiff on both points, and the verdict and judgment being for the defendant, he has taken this appeal.

It will be contended for the appellee:

1st. That the plaintiff, to sustain the issue on his part, was bound to produce the record.

2nd. That the variance between the judgment produced, and that described in the bond, was fatal.

3rd. That although no issue may have been made up, yet as there is enough in the record to show that the plaintiff cannot recover on a proper state of pleadings, the cause ought not to be sent back.

MAGRUDER, J., delivered the opinion of this court.

This is an appeal from a judgment of *Alleghany* county court in favor of the defendant, in an action brought by the appellant. The suit was upon a bond in which the testator of the appellee was a security. It recites a former judgment against another person, the principal obligor in the bond, and a writ of error obtained to remove that judgment to the Court of Appeals. The condition of the bond is in the usual form of bonds of that description.

The defendant, after craving oyer of the bond, &c., pleaded performance of the condition, and the plaintiff in his replication set forth as the breaches of the condition of the bond, that the defendant did not cause to be transmitted within the time required by the law, a transcript of the record; did not prosecute the writ of error with effect; and has not paid and satisfied the judgment of the county court, &c. It appears by an agreement filed in the case, that issues were joined.

The plaintiff in the course of the trial took two bills of exception, and these inform us what are the questions, which in this case, we are to decide.

It appears by the first exception, that the court below instructed the jury, that in this suit the plaintiff was not entitled to recover without producing the judgment in the said bond mentioned, or a copy thereof, as evidence of his claim: this court decided otherwise in the case of *Lloyd vs. Burgess*, December term, 1846. A plea which would deny the existence of that judgment without denying the bond which recites it was inadmissible in the case, because as the court in *Lloyd vs. Burgess* said, it would deny "a fact which the defendant's intestate (testator in the case before us) has expressly admitted under his hand and seal in his bond."

It is true that neither the record, nor the agreement of counsel, tell us what were the points in issue; but in this case, there could have been no issue joined, which required the introduction by the plaintiff of this testimony.   The defendant did not deny the existence of the judgment, but pleaded that he had in all respects performed the condition of the bond, and the existence of the judgment was thereby affirmed.   The evidence ought to be confined to the points in issue.   The issues must have been confined to the breaches charged in the plaintiff's replication, and the production by the plaintiff of the original judgment could not have been necessary; although all the breaches assigned by him had been denied by the defendant, the latter could only have rejoined that he had transmitted within the time required by law, a transcript of the record—that he had prosecuted his writ of error with effect—that the judgment, &c. had been satisfied, or had been reversed; but these rejoinders could present no issue, which required the plaintiff to prove the original judgment in order to recover damages upon any one of them.   The court therefore erred in giving this instruction.

The plaintiff being required by the above instruction to produce the judgment spoken of in the bond upon which this suit was brought, offered in evidence a judgment of *Alleghany* county court, corresponding with the recital in the bond, except that in the former, the judgment is to bear interest, and in the latter, nothing is said about it.

It is stated in the bill of exceptions, that the bond was filed in that case, and that there was no other judgment or cause at that term between the parties.   To this testimony no objection was made, except because of the variance in regard to interest. The question then is, whether because of this single variance, the judgment stating, and the bond omitting to state, from what time the judgment was to bear interest, the original judgment was admissible in evidence?   There was certainly evidence tending to prove that this was, the very judgment, to remove which, the bond was executed.

In 1*st* *Term Reports*, 239, the declaration in an action for

bribery stated, that the precept was directed to the *Mayor* only. The precept produced at the trial was directed to the *Mayor* and *Burgess.* It was considered sufficient.

In 2 *Camp.* 525, the declaration stated that the *fi. fa.* was directed to *A. B.* and *C. D.*, sheriffs of *Middlesex*, and the writ when produced was directed to the sheriff of *Middlesex* generally; it was holden to be no variance, *A. B.* and *C. D.* being at the time sheriffs of *Middlesex.*

In the case of the *State, use of Wilcoxen vs. Wooton*, 4 *H. & J.* 21, an action was brought upon an administration bond, which recited that the two obligors first named, were the administrators of *George Wilcoxen*, and conditioned for the faithful administration by them of the personal assets of said *George.* The name of the intestate was not *George*, but *Anthony;* and the only testimony which the plaintiff produced in order to prove the amount of assets in the hands of the administrators, was "the inventory of the goods and chattels of *Anthony Wilcoxen.*" Parol testimony was offered to show the name of the intestate, the testimony was rejected by the court below, but upon an appeal the judgment was reversed. The ground of the decision is not stated, but it may be inferred from the argument at the bar, that it was because it appeared from the proof, that the bond was given by the administrators of *Anthony Wilcoxen*, and the variance was a mistake committed in that case, (as in this) by the obligors themselves.

The case in 4 *Wend.* 675, is very much like this case. It was an action of *assumpsit* brought against a sheriff for money collected by him on execution, on which, the declaration stated, was an endorsement directing him to levy $242 16 and his fees, and which he then and there levied of the goods of the defendant. The plaintiff in order to sustain his action, produced an exemplification of the execution, on which was an endorsement directing a levy of the sum mentioned in the declaration, *with interest since May*, 1826, besides fees: objection was made to the exemplification being offered in evidence, on the ground of the variance in the execution, directing the levy of interest, and such direction not being stated in the declaration, the case

was taken to the Supreme Court, and in the opinion pronounced by the court, this point was thus disposed of—" as to the bill of exceptions, the variance between the execution produced in evidence, and that stated in the declaration was not material. The endorsement so far as it is set forth is accurate, and the variance is merely in the omission to aver that the sheriff was directed to levy interest as well as the damages and costs. It could raise no doubt as to the identity of the writ."

It is unusual in bonds of this description to set forth the judgment. It is merely said that at such a term, and in such a court, the obligee recovered judgment against the first named obligor, and that the latter is about to appeal therefrom. It was the fault of the obligors themselves that the judgment was not correctly recited in this bond, and they ought not to be benefitted by the error or omission which is attributable to themselves, and to which the plaintiffs had no opportunity of objecting.

If the judgment had been recited in this bond in the usual way, it would not have been identified more satisfactorily than it now is. If in the case last cited, the omission of interest was deemed an immaterial variance, surely the same omission ought not to be a bar to this action.

JUDGMENT REVERSED ON BOTH EXCEPTIONS AND
PROCEDENDO AWARDED.